IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

APPLIED UNDERWRITERS V. O'CONNELL LANDSCAPE MAINTENANCE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

APPLIED UNDERWRITERS, INC., A NEBRASKA CORPORATION, APPELLANT,

V.

O'CONNELL LANDSCAPE MAINTENANCE, INC.,
A CALIFORNIA CORPORATION, APPELLEE.

Filed October 22, 2019.    No. A-18-709.

Appeal from the District Court for Douglas County: HORACIO J. WHEELOCK, Judge.
Affirmed.

Jeffrey A. Silver for appellant.

Kristopher J. Covi, of McGrath, North, Mullin & Kratz, P.C. L.L.O., for appellee.

MOORE, Chief Judge, and PIRTLE and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Applied Underwriters, Inc. (Applied), filed suit against O'Connell Landscape Maintenance, Inc. (O'Connell), alleging O'Connell failed to make payments pursuant to a promissory note executed in favor of Applied. At the time of the filing, Applied claimed $621,752.97 remained to be paid. O'Connell filed a motion to dismiss the complaint for lack of personal jurisdiction, which was heard and granted by the district court for Douglas County. We affirm.

## BACKGROUND

Applied is a Nebraska corporation with its principal place of business in Omaha, Nebraska. O'Connell is a California corporation with its principal place of business in Rancho Santa

- 1 -

Margarita, California. On or about June 15, 2014, O'Connell executed a Promissory Note in favor of Applied in the principal amount of $1,022,367.99. Applied alleges O'Connell has failed to make the necessary payments on the note. After sending a demand letter Applied filed a complaint alleging $621,752.97 was due plus interest.

The note included a forum selection clause which provides:

Waiver of Trial by Jury and Consent to Jurisdiction: Maker irrevocably waives any and all right to trial by jury in any legal proceeding arising out of or relating to this note or the transactions contemplated by this note. Maker hereby consents to the exclusive jurisdiction of any state or federal court situated in Douglas County, Nebraska, and waives any objection based on forum non conveniens with regard to any action, claim, dispute or proceeding relating to this note.

Evidence submitted by O'Connell established it has never transacted any business in Nebraska; it does not have any employees, directors, or property located in Nebraska; it has not caused any tortious injury in Nebraska; nor has it ever registered with the Nebraska Secretary of State. The note O'Connell signed was executed in California and O'Connell has filed several lawsuits against Applied in California. O'Connell alleges it signed the promissory note so Applied would not cancel its workers' compensation insurance. All of the witnesses O'Connell needs to defend this case are in California, as are all the documents and other sources of proof.

The district court concluded the forum selection clause was unenforceable under Nebraska's Choice of Forum Act because O'Connell has no contact with Nebraska and Nebraska is not a convenient place for trial under the act, that O'Connell does not have sufficient minimum contacts with Nebraska to satisfy due process, and that exercising jurisdiction over O'Connell would not comport with fair play and substantial justice. The district court granted O'Connell's motion to dismiss and this appeal followed.

## ASSIGNMENTS OF ERROR

Applied assigns as error: (1) the admission of the Darren Payne affidavit; (2) the finding that the court lacked personal jurisdiction over O'Connell under the note; (3) the finding that the court lacked personal jurisdiction over O'Connell under Nebraska's Model Uniform Choice of Forum Act, Neb. Rev. Stat. § 25-413 et seq. (Reissue 2016); and (4) the finding that the court lacked personal jurisdiction over O'Connell under Nebraska's long arm statute, Neb. Rev. Stat. § 25-536 (Reissue 2016).

## STANDARD OF REVIEW

When reviewing an order dismissing a party from a case for lack of personal jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(2), an appellate court examines the question of whether the nonmoving party has established a prima facie case of personal jurisdiction de novo. *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019); *Nimmer v. Giga Entertainment Media*, 298 Neb. 630, 905 N.W.2d 523 (2018).

ANALYSIS

We are bound by the findings of this court on similar claims by Applied against foreign corporations on nearly identical facts. In *Applied Underwriters v. E.M. Pizza, supra*, we affirmed the district court's finding that the court lacked personal jurisdiction over the defendant under Nebraska's long arm statute because exercising jurisdiction over the defendant would violate due process. We find the same to be true in this case.

The Uniform Choice of Forum Act error raised in this case presents a wrinkle only in that the forum selection language was found in the promissory note itself rather than in a reinsurance participation agreement ultimately determined to be illegal and unenforceable under California law. The language in the forum selection clause in the promissory note is nearly identical to the language in a reinsurance participation agreement construed in *Applied Underwriters v. E.M. Pizza, supra*, by designating any "state or federal court situated in Douglas County, Nebraska," as the exclusive site for any proceedings arising out of or relating to the note. Nebraska's Choice of Forum Act provides:

> (1) If the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the *only* basis for the exercise of jurisdiction, a court of this state will entertain the action if (a) the court has power under the law of this state to entertain the action; (b) this state is a reasonably convenient place for the trial of the action; (c) the agreement as to the place of the action was not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; and (d) the defendant, if within the state, was served as required by law of this state in the case of persons within the state or, if without the state, was served either personally or by certified mail directed to his last-known address.

Neb. Rev. Stat. § 25-414(1) (Reissue 2016) (emphasis supplied). Both Applied and O'Connell agree that § 25-414(1)(b) is the sticking point since it requires a finding that "this state is a reasonably convenient place for the trial of the action." The same was true in *E.M. Pizza*. In *E.M. Pizza*, in determining whether exercising personal jurisdiction would comport with fair play and substantial justice, we said: "It has been held by courts in both Nebraska and California that the [Reinsurance Participation Agreement (RPA)] is inextricably intertwined with the underlying insurance contract; thus California's workers' compensation laws will likely govern the RPA. A California court is better positioned than a Nebraska court to apply California's complex workers' compensation laws." *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. at 916, 923 N.W.2d at 798. We likewise noted that similar considerations weighed heavily in determining that this state was not a reasonably convenient place for trial and ultimately necessitated that the forum selection clause be disregarded resulting in a finding that the Nebraska court lacked personal jurisdiction over the California corporation.

Here, although Applied argues that this case is distinguishable from *E.M. Pizza* in that it simply requests enforcement of a promissory note, we still find the factors articulated in *E.M. Pizza* to have similar application. Although Applied is asking for this court to enforce its note, O'Connell is defending on the basis that it was placed under duress in signing the promissory note due to

Applied's threat of discontinuing coverage because of O'Connell's failure to make payment under the RPA. Accordingly, in order to determine whether O'Connell has raised a legitimate defense, the court will need to examine the RPA which, in turn, requires an analysis of California's workers' compensation laws. It is this factor which led to the above mentioned findings and lack of personal jurisdiction in *E.M. Pizza* and, similarly, results in the same conclusion here. We hold that the court did not err in determining that the Nebraska court lacked personal jurisdiction over O'Connell.

The remaining error raised by Applied concerns the district court's admission of evidence in the form of an affidavit from one of O'Connell's corporate officers. Applied objected to the admission of Payne's affidavit on the basis of relevance, hearsay, and conclusions of law. The contents of the affidavit are clearly relevant since they include the factual basis for the allegations in O'Connell's complaint. And, since the contents are based on Payne's employment with O'Connell, and Payne is an officer of O'Connell and presumed to know about its operations and obligations, the contents are personally known to Payne. Finally, Applied objected to portions of the affidavit as stating hearsay and conclusions of law. Our review of those portions of the Payne affidavit revealed many of those facts are also included in the affidavit from Jesse Bear, Applied's client operations officer. Even if the admission of the Payne affidavit was erroneous, the error is harmless error and does not require reversal if the evidence is cumulative and other relevant evidence, properly admitted, supports the finding by the trier of fact. *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007). We find no error in the district court's decision to admit the Payne affidavit into evidence.

## CONCLUSION

Applied's assignments of error that the district court erred in dismissing the complaint for lack of jurisdiction under the long-arm statute, the Choice of Forum Act, and as a violation of due process, are controlled by our previous decision in *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019). And, admission of the Payne affidavit was not error. The order of the district court is affirmed.

AFFIRMED.